UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on November 1, 2013

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. |
| | : | |
| v. | : | GRAND JURY ORIGINAL |
| | : | |
| ROBERT A. RUSSELL, | : | VIOLATIONS: |
| | : | 18 U.S.C. § 1951 |
| Defendant. | : | (Attempted Interference with Interstate |
| | : | Commerce by Robbery) |
| | : | 18 U.S.C. § 924(c)(1)(A) |
| | : | (Using, Carrying, and Possessing a |
| | : | Firearm During a Crime of Violence) |
| | : | 18 U.S.C. § 922(g)(1) |
| | : | (Unlawful Possession of a Firearm by a |
| | : | Person Convicted of a Crime Punishable |
| | : | by Imprisonment for a Term Exceeding |
| | : | One Year) |
| | : | 22 D.C. Code §§ 404.01, 4502 |
| | : | (Aggravated Assault while Armed) |
| | : | 22 D.C. Code §§ 2801, 4502 |
| | : | (Armed Robbery) |
| | : | 22 D.C. Code § 4504(b) |
| | : | (Possession of a Firearm During a Crime |
| | : | of Violence or Dangerous Offense) |
| | : | |
| | : | FORFEITURE: 18 U.S.C. § 981(a)(1)(C); |
| | : | 18 U.S.C. § 924(d); 21 U.S.C. § 853(p); |
| | : | and 28 U.S.C. § 2461 |

### I N D I C T M E N T

The Grand Jury charges that:

### COUNT ONE

1. That at all times material to this Indictment, A Go Green Company, LLC, operating as A Go Green Auto, was engaged in automotive repair and servicing in interstate commerce and an industry which affects interstate commerce.

2. That on or about September 24, 2014, in the District of Columbia, defendant, **ROBERT A. RUSSELL**, did unlawfully attempt to obstruct, delay and affect, commerce as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in such commerce, by robbery as that term is defined in Title 18, United States Code, Section 1951, in that the defendant **ROBERT A. RUSSELL** did unlawfully attempt to take and obtain personal property consisting of United States currency belonging to A Go Green Auto from the custody and possession of William Melby, Sr., against his will by means of actual and threatened force, violence, and fear of injury, immediate and future, to his person, that is, defendant **ROBERT A. RUSSELL**, while armed with a firearm, entered A Go Green Auto, and directed William Melby, Sr., at gunpoint, to take defendant **ROBERT A. RUSSELL** to the safe that defendant **ROBERT A. RUSSELL** believed was used to store currency by the employees of A Go Green Auto.

> (**Attempted Interference with Interstate Commerce by Robbery**, in violation of Title 18, United States Code, Section 1951)

## COUNT TWO

On or about September 24, 2014, within the District of Columbia, defendant **ROBERT A. RUSSELL** did unlawfully and knowingly use, carry, and brandish, during and in relation to, and possess a firearm in furtherance of, a crime of violence, for which he may be prosecuted in a court of the United States, that is, Interference with Interstate Commerce by Robbery, as alleged in Count One of this Indictment.

> (**Using, Carrying, and Possessing a Firearm During a Crime of Violence**, in violation of Title 18, United States Code, Section 924(c)(1)(A))

## COUNT THREE

On or about September 24, 2014, within the District of Columbia, defendant **ROBERT A. RUSSELL,** having been convicted of a crime punishable by imprisonment for a term exceeding one year, in Washington, D.C., Criminal Case No. 2005 FEL 6767 and Criminal Case No. 2006 CF3 28438, did unlawfully and knowingly receive and possess a firearm and ammunition, that is, a .45 caliber handgun and ammunition, which had been possessed, shipped, and transported in and affecting interstate and foreign commerce.

>(**Unlawful Possession of a Firearm by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year**, in violation of Title 18, United States Code, Section 922(g)(1))

## COUNT FOUR

On or about September 24, 2014, within the District of Columbia, defendant **ROBERT A. RUSSELL**, while armed with a firearm, did by any means, knowingly and purposely cause serious bodily injury to William Melby, Sr., or under circumstances manifesting extreme indifference to human life, defendant **ROBERT A. RUSSELL**, intentionally and knowingly engaged in conduct which created a grave risk of serious bodily injury to William Melby, Sr., and thereby caused serious bodily injury to William Melby, Sr.

>(**Aggravated Assault while Armed**, in violation of Title 22, D.C. Code, Sections 404.01, 4502 (2001 ed.))

## COUNT FIVE

On or about September 24, 2014, within the District of Columbia, defendant **ROBERT A. RUSSELL**, while armed with a firearm, by force and violence, against resistance and by putting in fear, stole and took from the person and from the immediate actual possession of

William Melby, Sr., property of value belonging to William Melby Sr., consisting of United States currency.

(**Armed Robbery**, in violation of Title 22, D.C. Code, Sections 2801, 4502 (2001 ed.))

## COUNT SIX

On or about September 24, 2014, within the District of Columbia, defendant **ROBERT A. RUSSELL** did possess a firearm while committing the crime of aggravated assault while armed, as set forth in Count Four of this indictment.

(**Possession of a Firearm During a Crime of Violence or Dangerous Offense**, in violation of 22 D.C. Code, Section 4504(b) (2001 ed.))

## COUNT SEVEN

On or about September 24, 2014, within the District of Columbia, defendant **ROBERT A. RUSSELL** did possess a firearm while committing the crime of armed robbery, as set forth in Count Five of this indictment.

(**Possession of a Firearm During a Crime of Violence or Dangerous Offense**, in violation of 22 D.C. Code, Section 4504(b) (2001 ed.))

## FORFEITURE ALLEGATION

1.  Upon conviction of the offense alleged in Count One of this indictment, the defendant shall forfeit to the United States, any property, real or personal, which constitutes or is derived from proceeds traceable to the offense, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).  The property subject to forfeiture includes a forfeiture money judgment equal to the value of any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

2.  Upon conviction of the offenses alleged in Counts Two and/or Three of this indictment, the defendant shall forfeit to the United States, pursuant to Title 18, United States

Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in or used in the knowing commission of the offenses, including but not limited to a .45 caliber handgun and ammunition.

3. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the Court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p) and Title 28, United States Code, Section 2461(c).

(**Criminal Forfeiture**, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 924(d), Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461)

A TRUE BILL:

FOREPERSON.

Attorney of the United States in
and for the District of Columbia